# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| BARBARA KAY AND JAMES KAY )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SUNBEAM PRODUCTS, INC., )<br>)<br>Defendant. )<br>)<br>) | Case No. 2:09cv-4065-NKL |

## ORDER

Before the Court is Defendant's Motion to Strike a portion of Plaintiff's pleadings [Doc. #19]. For the following reasons, the Court GRANTS the motion to strike, subject to reconsideration.

## I.  Factual Background

Plaintiffs Barbara Kay and James Kay (hereinafter "Kay") filed their complaint on April 6, 2009, setting forth a series of product liability claims against Defendant Sunbeam (hereinafter "Sunbeam"), claiming damages from one or more fires allegedly caused by Sunbeam electric bedding products. Sunbeam moves to strike paragraph forty-five of the complaint, which reads in its entirety:

> In response to Dr. William Rowe, Jr.'s criticisms and expert testimony, Sunbeam attempted to intimidate him from further testifying against Sunbeam by suing him on the eve of his testimony in the above case and then, after financially draining him, later settling that lawsuit by paying him large sums of money to improperly gag him from further testifying as an expert witness or rendering any opinions in these product liability actions around the country

> or from testifying as even a fact witness outside the State of Mississippi which, in effect, constituted criminal witness tampering in violation of both federal and state laws, as well as tortious interference with contractual or prospective business relations as to those plaintiffs' cases he had reviewed and was prepared to support.

(Complaint (Doc. #1) at ¶ 45). Sunbeam argues that this paragraph is immaterial, impertinent, and scandalous, and asks the Court to strike it pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## II. Discussion

### A. Standard of Review

Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The permissive wording of the rule grants liberal discretion to district courts to strike pleadings under Rule 12(f). *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1062 (8th Cir. 2000). However, because striking a party's pleadings is an extreme measure, the motion is a disfavored one and is infrequently granted. *Id.*

"A matter is immaterial or impertinent when not relevant to the resolution of the issue at hand." *U.S. ex. Rel. K & R Ltd. P'ship v. Massachusetts Hous. Fin. Agency*, 456 F. Supp. 2d 46, 51 (D.D.C. 2006) (citation omitted), *aff'd,* 530 F.3d 980 (D.C. Cir. 2008). "Material is scandalous if it generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Id.* (quoting 2 Moore's Federal Practice § 12.37[3], at 12-97) (internal quotations omitted). "[A]llegations may be stricken if they have no real bearing on the case,

2

will likely prejudice the movant, or where they have criminal overtones." *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002).

### B. Kay's Arguments

Kay essentially advances five arguments in support of her allegations. Specifically, she argues that the allegations: (1) are supported by evidence, (2) support the conclusion that Sunbeam engaged in criminal witness tampering, (3) support a conclusion that Sunbeam engaged in tortious interference with contractual or prospective business relations, (4) are admissible to create an adverse influence and admission by conduct against Sunbeam, and (5) support Kay's claim for punitive damages. However, she has not shown that the contested allegations have any real bearing on the case; further, the criminal overtones of their allegations carry undue prejudice to Sunbeam.

Kay states that her allegations are "true and fully supported by evidence." However, if the allegations are not relevant to the resolution of the instant matter, the Court may strike them regardless of whether they are factually accurate.

Kay also argues that her allegations demonstrate criminal witness tampering by Sunbeam. However, she does not demonstrate how such a conclusion would have any bearing on the case at hand. Moreover, as Sunbeam points out, allegations of a criminal nature are especially appropriate for striking.

Kay further argues that her allegations describe conduct that "constituted tortious interference with contractual or prospective business relations as to those cases [Dr. Rowe] had reviewed and was prepared to support." Kay does not allege that hers was such a case.

3

This argument provides no support for a determination that the alleged conduct is relevant to the claims in her action.

Kay contends that her allegations will demonstrate that Sunbeam engaged in intimidation and tampering with witnesses, supporting an adverse inference and admission by conduct that Sunbeam believes their case to be weak. However, this argument only has logical force if Kay demonstrates that Sunbeam tampered with witnesses with regard to the case at hand. Because Kay had not initiated her action when the alleged conduct occurred, Sunbeam could not have formed a belief as to the strength of Kay's case against them at that time. Indeed, in the state law cases that Kay relies on for this proposition, the alleged tampering occurred with regard to the very case being decided. *See Meyer v. McDonnel*, 40 Md. App. 524, 533; 392 A.2d 1129, 1134 (Md. Ct. Spec. App. 1978); *McCool v. Gehret*, 657 A.2d 269, 275 (Del. 1995). Because Kay has not alleged any connection between the alleged conduct by Sunbeam and her own claims, an adverse inference in this action would be inappropriate.

Finally, Kay argues that her allegations support her claim for punitive damages by demonstrating "a course of conduct by Sunbeam to suppress and conceal evidence about the fire hazards of the Sunbeam PTC heating element." For punitive damages on her negligence claims, Kay will have to prove that Sunbeam knew or had reason to know that there was a high degree of probability that its actions would result in injury. *Smith v. Brown & Williamson Tobacco Corp.*, 275 S.W.3d 748, 812 (Mo. Ct. App. 2008) (citation omitted). For punitive damages on her strict liability claims, Kay will have to prove that Sunbeam

4

"placed in commerce an unreasonably dangerous product with actual knowledge of the product's defect." *Id.* at 812-13 (internal quotations and citation omitted).  Kay has not made an argument demonstrating that Sunbeam's conduct – regardless of its connection to any contemporaneous lawsuits – is relevant to her burden in proving Sunbeam's knowledge of the possible danger of their products.  As Sunbeam points out, Dr. Rowe has never testified nor written a report in any lawsuit involving the electric bedding product at issue in Kay's claim.  Therefore, the allegations at issue appear to be irrelevant to Kay's claims for punitive damages as well.

**III.     Conclusion**

The Court is not persuaded that the allegations in paragraph forty-five of Kay's complaint are currently relevant to her action against Sunbeam.  However, this litigation is at its early stages and it is conceivable that Kay may be able to demonstrate in the future the nexus between her claim and Sunbeam's conduct vis-à-vi*s* Dr. Rowe.  Accordingly, it is hereby ORDERED that Sunbeam's motion to strike [Doc. #19]  is GRANTED, subject to reconsideration if Kay can demonstrate a sufficient nexus.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated:   June 15, 2009  
Jefferson City, Missouri